**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 24-CV-_____ |
| | : | |
| v. | : | |
| | : | |
| ONE HUNDRED TWENTY THOUSAND | : | |
| AND FORTY DOLLARS    ($120,040) | : | |
| | : | |
| Defendant in Rem | : | JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Justin Ashenfelter, Assistant United States Attorney, and David Weisberg, Special Assistant United States Attorney, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, for its complaint alleges as follows:

**NATURE OF THE ACTION**

1.        This is a civil action in rem to forfeit and condemn, to the use and benefit of the United States, One Hundred Twenty Thousand and Forty Dollars ($120,040.00) in United States Currency ("Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*., and  proceeds traceable to such exchanges, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title II.

## STATUTORY BACKGROUND

2.      Title 21, Section 881(a)(6) provides that "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [Title II of the Controlled Substances Act]" shall be subject to forfeiture to the United States and no property right shall exist in them.

## THE DEFENDANT IN REM

3.      The defendant *in rem* is One Hundred Twenty Thousand and Forty Dollars that was seized from the residence of Alan Womack on Gordon Avenue, in Penn Valley, Pennsylvania, on December 4, 2020, by Federal Bureau of Investigations ("FBI") agents, pursuant to search and seizure warrant issued by a United States Magistrate Court Judge in the Eastern District of Pennsylvania.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency.  This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.      This Court has in *rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests that this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), and 28 U.S.C. § 1395(a) and (b), because a civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found.

## FACTUAL BASIS OF THE FORFEITURE CLAIM: THE SEIZURE OF THE DEFENDANT CURRENCY AND INVESTIGATION

7.     From 2005 until 2016, Alan Womack was a part of a large-scale drug trafficking and money laundering conspiracy which utilized tractor-trailer drivers to transport tens of thousands of pounds of marijuana and millions of dollars in U.S. currency between California, Arizona and Texas to the Philadelphia metropolitan area.

8.     As a result of his criminal conduct, Womack was convicted at trial in August 2019 in the Eastern District of Pennsylvania for conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841 (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Nine).  (ECF No. 16-CR-218).

9.     Following his conviction after trial, Womack was permitted to remain at liberty on bail and subject to the supervision of U.S. Pretrial Services while pending sentence. He reported to U.S. Pretrial Services and his U.S. Probation Officer that he resided at a residence on Gordon Avenue, Penn Valley, Pennsylvania. Womack's sentencing date was continued numerous times.

10.     In or about October 2020, while Womack was awaiting sentencing in Criminal No. 16-CR-218, an individual ("Cooperating Witness" or "CW") contacted the FBI in Philadelphia to report that Womack was then selling controlled substances and committing other crimes. CW told the FBI that he had been buying marijuana from Womack for approximately 6 months.  CW also stated that he had recently purchased marijuana from Womack and owed him a drug debt of approximately $3,500.

11.     Thereafter, the FBI conducted physical and electronic surveillance of Womack between October and December 2020.

12.     In the late morning on December 2, 2020, CW placed a consensually recorded telephone call to Womack.

13.     On the call, CW and Womack discussed meeting to conduct a one-ounce crack cocaine purchase later that day.

14.     During this call, Womack discussed having cocaine on hand for the first time in years.

15.     CW inquired as to whether he could buy cocaine from Womack for his "friend," but Womack said that at that time, he only had an ounce of cocaine left and that it was "hard" (code for crack cocaine).  CW confirmed that "hard" was acceptable for his friend and that he wanted to meet with Womack to purchase the crack cocaine.

16.     CW and Womack made arrangements to meet at a gas station in Montgomery County, Pennsylvania, for the transaction.

17.     In deciding on when and where to meet, Womack asked CW to confirm whether Womack should bring the "burnette" (code for crack cocaine) and CW confirmed that he wanted to buy the "burnette."

18.     Prior to meeting with Womack, the FBI provided CW with covert body recorders and $1,400 in FBI funds to purchase the one ounce of crack cocaine from Womack.

19.     During the meeting, CW purchased an ounce of crack cocaine from Womack for $1,400.

20.     At the time of the purchase of the ounce of crack cocaine, Womack stated that the ounce he was selling to CW was "my last jawn."

- 3 -

21.     Womack further stated that he got the crack cocaine because it was "such a good deal." Womack continued: "I grabbed four because I ain't had nothing in four years, I only been dealing with weed . . . ."

22.     After reviewing the recorded conversation between Womack and CW, FBI agents understood Womack to be saying that he purchased four kilograms of cocaine to sell, though it was the first time he had cocaine in a few years because he was focused on selling marijuana prior to that.

23.     FBI agents further determined from Womack's statements that he was offered "seven or eight" (meaning, kilograms of cocaine) but he declined that many.

24.     As he quickly sold out of the crack cocaine that he had purchased for resale, Womack made statements to the effect that he was mad he had not purchased more.

25.     Following the meeting, CW surrendered to FBI agents a latex glove containing a clear plastic baggie of a white chunky substance which later field tested positive for the presence of crack cocaine.

26.     The drugs were submitted to the DEA Northeast Laboratory and an analysis confirmed that the substance submitted was positive for cocaine base weighing approximately 26.0 grams.

27.     On December 4, 2020, two days after CW purchased crack cocaine from Womack, FBI agents executed search and seizure warrants at two residences associated with Womack – one at Womack's residence on Gordon Avenue, Penn Valley, Pennsylvania; and one at a house in Conshohocken, Pennsylvania.

28.     The Defendant Currency was found and recovered during the search of the Womack's residence on Gordon Avenue, Penn Valley, Pennsylvania.

29.     In or around December 2020, the street value per kilogram of cocaine was approximately $30,000.

30.     On March 2, 2021, a federal grand jury charged Womack by indictment with distribution of cocaine base ("crack") on or about December 2, 2020, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two).  (ECF No. 21-CR-67).

31.     On November 30, 2021, Womack was charged by the grand jury in a superseding indictment with distribution of cocaine base ("crack") on or about December 2, 2020, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two), and which also included notice of a sentencing enhancement based upon Womack's commission of the offense conduct while on supervision by U.S. Pretrial Services.

32.     On March 17, 2023, Womack entered a plea of guilty to Count One of the superseding indictment.  The government moved, in writing, to dismiss Count Two on the day that the guilty plea was entered.

33.     On May 21, 2024, Womack was sentenced to a total term of 210 months of imprisonment on his convictions in both indictments in Criminal Numbers 16-218-13 and 21-67.

**COUNT I: Forfeiture Under 21 U.S.C. § 881(a)(6)**

34.     The Defendant Currency is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, or proceeds traceable to such an exchange, and/or moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title II of the Controlled Substances Act.

35.     By reasons of the foregoing, the Defendant Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

WHEREFORE, Plaintiff United States of America requests:

1.     The Defendant Currency be proceeded against according to the law and the rules of this Court, and that due notice be given to all the interested parties to appear and show cause why forfeiture should not be decreed.

2.     This Court, for the reasons set forth above, adjudge and decree that the Defendant Currency be forfeited to the United States of America and disposed of in accordance with existing laws, together with costs, and for such other relief as this Court deems proper and just.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


_____/s/ Sarah L. Grieb_____
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and
Financial Litigation Section


_____/s/ Justin Ashenfelter_____
JUSTIN ASHENFELTER
Assistant United States Attorney


_____/s/ David Weisberg_____
DAVID WEISBERG
Special Assistant United States Attorney


Date: June 14, 2024

# **V E R I F I C A T I O N**

Kevin Lewis, being of legal age, verifies and, pursuant to 28 U.S.C. § 1746(2), declares and states as follows:

1.      I am a Special Agent for the Federal Bureau of Investigation that was assigned to the investigation in this case.

2.      I have reviewed the foregoing Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

3.      The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a special agent.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on   June 14, 2024 at Philadelphia, Pennsylvania.


        */s/ Kevin Lewis*
KEVIN LEWIS
Special Agent
Federal Bureau of Investigation